UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID L. WILLIAMS, SR. (#21184)**

**VERSUS**

**THE ADVOCATE, ET AL.**

CIVIL ACTION

NO. 16-483-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 27, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID L. WILLIAMS, SR. (#21184)

VERSUS

THE ADVOCATE, ET AL.

CIVIL ACTION

NO. 16-483-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff,[1] an inmate currently confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against The Advocate, John George, Kimberly Vetter, and Joe Gyan, Jr., complaining that his constitutional rights have been violated through defamation. He prays for compensatory relief. Plaintiff provides no basis for jurisdiction in this matter other than his federal cause of action under § 1983.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

---

[1] Nancy D. Stewart is also named as a plaintiff in this matter; however, Stewart did not provide the Court with an address where she may be contacted, and did not pay the Court's filing fee or submit a pauper motion. On September 19, 2016, the Court forwarded correspondence to plaintiff Williams advising him of the aforementioned deficiencies and that failure to correct the same would result in dismissal of co-plaintiff Stewart from this proceeding. *See* R. Doc. 3. A review of the record reveals that the aforementioned deficiencies have not been corrected.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

In his Complaint, the plaintiff alleges the following: Since March 18, 2010, "The Advocate" has printed numerous negative publications without properly investigating the facts. For example, on September 3, 2015, a criminal case against the plaintiff was dismissed, but the plaintiff's name and details regarding the case were still published in the newspaper. As a result, the plaintiff's reputation has been damaged, which has in turn caused financial hardship for his wife, his children, and his mother.

Injury to reputation, by itself, is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 710 (1976); *Siegert v. Gilley,* 500 U.S. 226, 233–34, (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a

constitutional deprivation....Most defamation plaintiffs attempt to show some sort of special damage and out-of-pocket loss which flows from the injury to their reputation.  But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [§ 1983] action.")  Here, the plaintiff's alleged damages, i.e. financial hardships, flow from the alleged injury to his character or reputation.  Such damage is not recoverable in a § 1983 action since it is based on an injury which is not a constitutional violation.

In addition to the deficiency noted above, plaintiff's claims are against a private newspaper and its employees.  In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The "acts of private parties," such as The Advocate and its individual employees, "even if wrongful, do not fall under the ambit of the Constitution." *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008) (citing *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001)); *see also Mardis v. News Center II WTOK Network*, Civ. Action 14-549, 2014 WL 4639805 (S.D. Miss. Sept. 16, 2014) (dismissing as frivolous an inmate's pro se complaint pursuant to 42 U.S.C. § 1983 against a news program on a private television station for failure to state a claim).  The Court finds that the named defendants are not persons acting under color of state law.  Therefore, Plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. *See Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003) (finding district court properly determined inmate's claim against nongovernmental private defendant failed to state a claim under § 1983).

Accordingly, the plaintiff's claims have no arguable basis in fact or in law, and the complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A.

## RECOMMENDATION

It is recommended that the claims of plaintiff David L. Williams, Sr. be dismissed, with prejudice, as legally frivolous, and for failure to state a claim upon which relief may be granted[2] pursuant to 28 U.S.C. §§ 1915(e) and 1915A.  To the extent plaintiff is asserting any state law claims, those shall be dismissed without prejudice.  It is further recommended that the claims of plaintiff Nancy D. Stewart be dismissed, without prejudice, for failure to correct the deficiencies of which she was notified, including failure pay the filing fee.

Signed in Baton Rouge, Louisiana, on December 27, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  This dismissal will count as a "strike" under § 1915(g).